Philip **MAITA**

v.

Thomas J. **KILLEEN**, Administrator
Steamfitters Local Union No. 420,
Pension Fund of Philadelphia

**and**

Mechanical Contractors Association of
Philadelphia Inc.

Civ. A. No. 78–1918.

United States District Court,
E. D. Pennsylvania.

Jan. 25, 1979.

James J. Freeman, Yeadon, Pa., for plaintiff.

Henry J. Donner, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff filed suit against the administrator of his local steamfitters union and the association of employers which contribute to its pension plan alleging that he is entitled to an early retirement and that the defendants have "acted unreasonably, arbitrarily and capriciously in forfeiting his pension rights." Because plaintiff is a union member asserting a violation of a contract between an employers' association and a labor organization, it must be assumed that there is a collective bargaining agreement although there is no specific averment to that effect. Defendants have filed a Rule 12 motion to dismiss for lack of subject matter jurisdiction and for failure to join the trustees as parties necessary for a just adjudication under Fed.R.Civ.P. 19(a).

Since the bare bone allegations in this complaint give the court and opposing counsel little help in determining jurisdiction or the merits of this suit, I am granting defendants' motion to dismiss but will give the plaintiff leave to amend within twenty days.

Jurisdiction is allegedly based on § 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185, which provides that:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Apparently, there is no disagreement among counsel that the steamfitters industry does affect commerce within the Act. The issue then is whether the three requirements for a section 301 suit are satisfied: (1) an alleged violation (2) of a contract (3) between an employer and a labor organization or between labor organizations. *Alvares v. Erickson*, 514 F.2d 156, 161 (9th Cir. 1975).

In order to analyze the first requirement of whether a pension plan can be considered a contract for purposes of section 301 it is necessary to examine the relationship of the pension plan with the collective bargaining agreement. Article IX, Section 1 of the collective bargaining agreement designates the exact amount of the employers' payments to the pension fund. The actual terms of the pension plan which give the trustees power to determine rules and regulations for the plan are detailed in a separate agreement which is attached to the complaint as Exhibit A. Separate documents defining the rights of parties can be construed together and considered a contract under section 301 if the parties intended the pension plan to become part and parcel of the collective bargaining agreement. *Alvares v. Erickson*, supra, at 161. Although there is no allegation of such intent nor can I find a provision incorporating the pension plan into the collective bargaining agreement, it seems logical that an agreement which sets employers' payments to a pension fund means to include the pension plan as part of the bundle of rights labeled a contract for purposes of section 301.

The second requirement that the plaintiff must allege a breach of this contract is not so easily satisfied. The complaint states that:

Plaintiff believes he is being denied due process of law and equal protection of the law because his rights are being forfeited because of the language of the pension plan. Furthermore, Plaintiff believes Defendants have acted unreasonably, arbitrarily and capriciously in forfeiting his pension rights.

Complaint, Paragraphs 13 and 14.

Except for attaching part of the pension plan to the complaint, plaintiff fails to cite any specific provision of the contract which defendants breached nor explain how defendants breached the contract. The vague reference to the forfeiture of plaintiff's rights due to the "language of the pension plan" may be an attempt to allege structural defects in the plan which more appropriately are asserted under section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5).[1] Without more specific allegations of the nature of the breach of contract, any discussion of the subtleties of structural defects as contrasted with improper daily administration of the pension plan would be futile.[2]

■ A more serious objection to the allegations of breach of contract in plaintiff's complaint is that the trustees who are responsible for the equitable administration of the pension plan have not been sued. It is well settled that trustees of a pension or health and welfare fund are necessary par-

ties to a suit contesting the proper administration of the fund. *Nedd v. U. M. W.,* 400 F.2d 103 (3d Cir. 1968), modified in other respects on remand, 47 F.R.D. 551, on remand 316 F.Supp. 74 (M.D.Pa.1970), vacated and remanded, 556 F.2d 190 (3d Cir. 1977). *International Brotherhood of Teamsters v. Kebert Construction Co.,* 225 F.Supp. 58 (W.D.Pa.1964).

■ The final requirement for jurisdiction under section 301 is the existence of a suit for violation of the contract between an employer and a labor organization or between labor organizations. Section 301 has been liberally interpreted to extend beyond suits involving an employer and union and to include suits by and against individual employees to enforce uniquely personal rights. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976); *Smith v. Evening News Ass'n,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); *N. Y. State United Teachers v. Thompson,* 459 F.Supp. 677 (D.N.Y.1978). This Circuit has upheld jurisdiction for individual pensioners to sue a pension fund based on defects in pension fund administration. *Knauss v. Gorman,* 583 F.2d 82 (3d Cir. 1978). Thus, defendants' broad assertion that section 301 does not give federal courts jurisdiction over an individual's claim for pension benefits is not the state of the law in this circuit.[3]

1. Section 302 prohibits payments of money to unions by employers. Section 302(c)(5) provides an exception "with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents . . . ." 29 U.S.C. § 186(c)(5).

Section 302(e) of the Taft-Hartley Act provides in pertinent part that

the district courts of the United States . . shall have jurisdiction, for cause . . . to restrain violations of this section . . .

29 U.S.C. § 186(e).

2. One definition of structural defect was given by the Ninth Circuit in *Burroughs v. Board of Trustees of Pension Trust Fund,* 542 F.2d 1128 (9th Cir. 1976)

A structural defect is present when a pension plan excludes a sizeable number of union members with no reasonable purpose behind their exclusion, thus failing to satisfy the

requirement that the fund shall be for the "sole and exclusive benefit" of all employees. Id. at 1131.

The Third Circuit in *Knauss v. Gorman,* 583 F.2d 82, 87 (3d Cir. 1978), has held that one individual can allege a structural defect in a plan if the exclusionary provision in the plan has the potential to deprive others of their rights under the pension plan.

For some discussion of the problem of structural defect see *Knauss v. Gorman,* 583 F.2d 82 (3d Cir. 1978); *Riley v. MEBA Pension Trust,* 570 F.2d 406 (2d Cir. 1977); *Burroughs v. Board of Trustees of Pension Trust Fund,* 542 F.2d 1128 (9th Cir. 1976); *Lugo v. Employees Retirement Fund,* 529 F.2d 251 (2d Cir. 1976); *Alvares v. Erickson,* 514 F.2d 156 (9th Cir. 1975).

3. Apparently, a conflict in the circuits exists over the issue of an individual's suing a pension fund and its trustees for defects in a pension or trust plan. The Second and Seventh Circuits

Due to the inadequate pleading in plaintiff's complaint of jurisdictional facts, especially the allegations relating to breach of contract, and the lack of joinder of the trustees as defendants, I am dismissing the plaintiff's complaint but will allow plaintiff's to amend within twenty (20) days.

have restricted the federal courts review of pension fund administration. See *Riley v. MEBA Pension Trust*, 570 F.2d 406 (2d Cir. 1977); *Beam v. International Organization of Masters*, 511 F.2d 975 (2d Cir. 1975), *Meehan v. Laborers Pension Fund et al.*, 418 F.Supp. 29 (N.D.Ill.1976); *Austin v. Calhoon*, 360 F.Supp. 515 (S.D.N.Y.1973). The Ninth and Third Circuits have more readily allowed jurisdiction to review individual claims against pension plans. *Knauss v. Gorman*, 583 F.2d 82 (3d Cir. 1978); *Rehmar v. Smith*, 555 F.2d 1362, 1367 n. 3 (9th Cir. 1976); *Alvares v. Erickson*, 514 F.2d 156 (9th Cir. 1975).

Congress eliminated the jurisdictional problem by enacting the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1381, which gives the district courts jurisdiction over suits by individuals alleging violations of ERISA. 29 U.S.C. §§ 1132, 1144. However, ERISA, would appear to be inapplicable to the instant case since the actionable wrong arose before the effective date of the Act. *Riley v. MEBA Pension Trust*, 570 F.2d 406 (2d Cir. 1977); *Finn v. Chicago Newspaper*, 432 F.Supp. 1178 (D.Ill.1977).