Roy COMMER, Plaintiff–Appellant,

v.

Rudolph GIULIANI, Mayor, City of New York, John Does 1–30, Defendants,

Gerald W. McEntee, John Seferian, The American Federation of State, County and Municipal Employees, District Council 37, AFSCME, Stanley Hill, Martin Lubin, Mark Shaplo, Robert F. Meyers, Jr., Ralph Pepe, Louis Albano, Robert Mariano, UMA Kutwal, Michelle Keller, Defendants–Appellees.

Docket No. 01–7783.

United States Court of Appeals, Second Circuit.

May 1, 2002.

Roy Commer, pro se, Staten Island, NY, for Appellant.

Barry I. Levy, Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, LLP, New York, NY, for Defendants–Appellees McEntee, Seferian, AFSCME, District

Council 37, AFSCME, Mariano, Kutwal, Keller, and Pepe.

Present WINTER, POOLER, B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED in part and VACATED and REMANDED in part.

Roy Commer, a former president of Local 375 of District Council 37 of the American Federation of State, County and Municipal Employees ("AFSCME") appeals from a judgment of the United States District Court for the Southern District of New York that dismissed his complaint against various officials of Local 375, District Council 37, AFSCME, and certain officers of the district council and of AFSCME.

The district court liberally and appropriately construed Commer's *pro se* complaint to contain three different claims: retaliation for free speech in violation of Section 101(a)(2) of the Labor–Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(2); misinterpretation of a provision of the Local 375 constitution actionable pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; and failure to hold union funds for the benefit of the union in violation of Section 501 of the LMRDA, 29 U.S.C. § 501(a). In response to defendants' motion for (1) summary judgment on all claims, (2) dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) as to unserved defendants McEntee, Seferian, Pepe, and AFSCME; (3) dismissal of the LMRDA § 101(a)(2) (free speech) claim for lack of subject matter jurisdiction as against defendants associated with Local 375; and (4) dismissal of the LMRDA § 501 claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for failure to comply with a condition precedent for asserting that claim and, pursuant to Rule 12(b)(6), for failure to state a claim, the district court dismissed Commer's complaint in its entirety. *See Commer v. McEntee*, 145 F.Supp.2d 333 (S.D.N.Y. 2001).

Judge Sweet dismissed the free speech claim against defendants associated with Local 375 because the last private sector employees associated with the local disaffiliated late in 1999, Commer complained of conduct occurring in 2000, and unions consisting solely of public employees are not subject to the LMRDA. *Id.* at 338 (citing *Brock v. So. Region, Region III of the CSEA*, 808 F.2d 228, 230 n. 3 (2d Cir. 1987)). Dismissal of the Section 101(a)(2) retaliation/free speech claim against the remaining defendants pursuant to Rule 12(b)(6) was premised on the court's finding that "Commer has not alleged sufficient facts that his 'speech' was protected under the LMRDA or that the 'speech' was the cause of the union's action against him." *Id.* at 340. The court granted summary judgment dismissing Commer's Section 301 claim concerning the interpretation of Local 375's constitution because the union's interpretation was correct and Commer offered no evidence showing that it was arbitrary. *Id.* Finally, with respect to Commer's LMRDA § 501 claim, the court found both that (1) AFSCME and Local 37 were not proper defendants because Section 501 claims cannot be brought against unions themselves and (2) Commer failed to make an actual demand upon the union to initiate legal action against the officers. *Id.* at 338–39.

This appeal followed. Commer argues that the dismissal of each of his claims was erroneous on various bases including the

district court's refusal to direct defendants to produce discovery Commer had previously requested and to order further discovery.

■ We affirm the district court's dismissal of Commer's LMRA Section 301 claim. Commer was disciplined, in part, because he sent out election notices in the local's name and at its expense without approval from any official body and thus, in the view of AFSCME's judicial panel, violated art. XIX § 3 of Local 375's constitution. Commer argues that the judicial panel misinterpreted art. XIX § 3. This section provides that "[n]o literature shall be distributed in the name of the Guild or a chapter, unless authorized by the appropriate body." Commer conceded at his hearing that he did not seek or receive permission from any official body before sending the notices, but he argues that as the local's president, he had the authority to send out required notices without permission. We agree with the district court that art. XIX § 3 cannot be read to allow an individual union officer to send out materials in the local's name solely on his own initiative. Although Commer also alleges that the local did not enforce this provision against another of its officers who expressed his political opinions in letters to members without receiving official authorization, the union's allegedly discriminatory enforcement of the constitutional provision does not alter its plain meaning.

We also affirm the district court's dismissal of Commer's LMRDA § 501 claim for the reasons stated by the district court. *See Commer*, 145 F.Supp.2d at 338–39.

■ The district court dismissed Commer's claim that defendants disciplined him in retaliation for his exercise of free speech in violation of LMRDA § 101(a)(2) pursuant to Rule 12(b)(6).

In his complaint, Commer alleged a long sequence of events that he asserts are relevant to his claim that defendants retaliated against him for his exercise of free speech. Concerning the year 2000, he alleges that "McEntee and Seferian close[d] circle of placing chill on Member's freedom of speech and political dissent by suspension of plaintiff for sending Members notice of election/change of electors, after requesting defendant McEntee's administrator to do so." Compl. at 16. Commer also alleged that defendants had never used the constitutional provision used against him to discipline any other union officer. Compl. at 2. Commer clearly satisfied his minimal pleading burden of "giv[ing] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). If Commer is able to establish that his suspension was motivated by his speech rather than by his breach of a union rule, he may be able to obtain relief. Therefore, dismissal pursuant to Rule 12(b)(6) was erroneous.

■ Because defendants moved for summary judgment on Commer's free speech claim, we also examine whether we can affirm on the alternative basis that summary judgment was justified. The basis of the district court's rejection of Commer's free speech claim was its finding that the real reason for his suspension was his use of union funds to send the postcard and not his speech. *Commer*, 145 F.Supp.2d at 340 (citing *Commer v. McEntee*, 121 F.Supp.2d 388, 396–97 (S.D.N.Y. 2000)). Although there is a substantial basis in the record for this conclusion, intent is controverted. Commer alleges that the judicial panel's decision was pre-

textual as demonstrated by the use of union funds for similar purposes by another union president without subsequent discipline. Moreover, Commer requested that the court allow further discovery and require responses to certain requests he already had made before it ruled on this issue. The court did not rule on this request in its decision ordering dismissal. In light of the general principle that summary judgment ordinarily should not be awarded prior to discovery, see, e.g., Hellstrom v. United States Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir.2000), and the court's failure to explain its reasons for not allowing Commer the discovery he requested, we will not reach the adequacy of Commer's proof to defeat a motion for summary judgment. We therefore simply vacate the dismissal of this claim, without prejudice to defendants' right to make a properly supported summary judgment motion after the completion of such discovery as the district court allows.

■ We also vacate the grant of summary judgment on the Section 101 claim as it relates to defendants associated with Local 375. The district court granted summary judgment in favor of these defendants based on its finding that the last private employees had disaffiliated from Local 375 as of mid-December 1999 and therefore the local union defendants were not subject to the LMRDA with respect to actions taken in 2000. Commer had made discovery requests for any documentary materials evidencing the date of disaffiliation and, in response to defendants' motions, asked that defendants be required to furnish this evidence prior to the court's action on the summary judgment motion. The court did not rule on this request and Commer is entitled, at a minimum, to know whether any such documents exist and to receive copies if they do. We also note that Commer alleged certain acts by defendants associated with Local 375 in

1998 and 1999. See Compl. at 13–16. Although the district court may have found these allegations did not state a claim or were barred by one or more of Commer's prior lawsuits, the decision does not specifically address them. Therefore, even if the date of disaffiliation is clear and uncontroverted, the court should also determine whether Commer has any actionable claims for conduct prior to the disaffiliation.

On remand, the court may also wish to address the motion by certain of the defendants seeking dismissal pursuant to Rule 12(b)(5).