Roy COMMER, Plaintiff,

v.

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EM-PLOYEES, Defendant.

No. 02 CIV.7930 RWS.

United States District Court, S.D. New York.

July 17, 2003.

Roy Commer, Staten Island, NY, Plaintiff Pro Se.

Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, New York City, (Barry I. Levy, Elan R. Kandel, of Counsel), for Defendant.

## OPINION

SWEET, District Judge.

The defendant American Federation of State, County and Municipal Employees ("AFSCME") has moved under Fed. R.Civ.P. 12(b)(6), to dismiss the complaint of *pro se* plaintiff Roy Commer ("Commer"), and also for sanctions, seeking attorney's fees for defending against two of Commer's claims. For the reasons set forth below, the motion to dismiss is granted, and the motion for sanctions is denied.

### Prior Proceedings

Commer has filed numerous actions in this Court and in others pertaining to his removal as president of Local 375. The following are only a few pertinent to the instant motion: *Commer v. McEntee*, 2003 WL 1878239 (S.D.N.Y. April 11, 2003) (*Commer VII*); *Commer v. American Federation of State, County and Municipal Employees*, 2002 WL 31014830 (S.D.N.Y. Sept.6, 2002) (*Commer VI*); *Commer v. American Federation of State, County and Municipal Employees*, 2002 WL 844346 (S.D.N.Y. May 2, 2002) (*Commer V*); *Commer v. American Federation of State, County and Municipal Employees*, 2001 WL 1658191 (S.D.N.Y. Dec.27, 2001) (*Commer IV*); *Commer v. McEntee*, 145 F.Supp.2d 333 (S.D.N.Y.2001) (*Commer III*), aff'd *Commer v. Giuliani*, 34 Fed. Appx. 802, 2002 WL 826462 (2d Cir.

May 1, 2002); *Commer v. McEntee,* 2001 WL 274125 (S.D.N.Y. March 19, 2001) (*Commer II* ); *Commer v. McEntee,* 121 F.Supp.2d 388 (S.D.N.Y.2000) (*Commer I* ).

In this complaint, filed on October 4, 2002, Commer alleges that AFSCME violated § 101(a)(2) and § 501 of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 411(a)(2) and 501, § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, as well as 29 U.S.C. § 158. Complaint at ¶¶ 17, 22–24. Commer seeks his reinstatement as president of Local 375 and to be reimbursed for lost wages and benefits as a result of his removal. Commer further seeks damages of at least $2,000,000.

AFSCME has moved to dismiss Commer's § 501, § 301 and § 101 claims. AFSCME argues that the Court has previously dismissed Commer's § 501 claim against AFSCME because the statute does not permit claims against labor organizations. AFSCME requests dismissal of Commer's § 301 claim because this Court has previously held that the decision by the AFSCME Judicial Panel was reasonable. Finally, AFSCME argues that the § 101 claim should be dismissed because an identical § 101 claim is pending from an earlier action.

### Motion to Dismiss

■ In addressing the present motion, the Court is mindful that the plaintiff is proceeding *pro se* and that his submissions should be held to "less stringent standards than formal pleadings drafted by lawyers..." *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (*quoting Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); *see also Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993). Indeed, district courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them to

raise the strongest arguments they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (*quoting Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law. *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983) (quotations omitted).

In reviewing a 12(b)(6) motion, courts must "accept as true the factual allegations of the complaint, and draw all inferences in favor of the pleader." *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir. 1993) (*citing IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1052 (2d Cir.1993)). However, "legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." *L'Europeenne de Banque v. La Republica de Venezuela,* 700 F.Supp. 114, 122 (S.D.N.Y.1988). The complaint may only be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996).

■ Review must be limited to the complaint and documents attached or incorporated by reference thereto. *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991). In this context, the Second Circuit has held that a complaint is deemed to "include ... documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir.2000).

### Commer's LMRDA § 501 Claim is Dismissed as to AFSCME

■ Commer does not cite LMRDA § 501 in either of the two causes of action listed in the complaint. Indeed, Commer

states that he "is well aware that defendant (AFSCME—an organization) is not subject to 501." Pl. Reply Mem. at 3. However, § 501 is cited elsewhere in the complaint, and Commer does allege that AFSCME breached its "fiduciary duty" by "intentionally and/or negligently allowing a system and pattern of racketeering to grow and flourish to the detriment of the union membership." Compl. at ¶ 116. AFSCME argues that Commer's claim must be dismissed because § 501 does not permit actions against labor organizations. The Court agrees.

In *Commer III*, the issue of whether labor organizations are subject to § 501 claims was squarely addressed and decided in AFSCME's favor. The Court held that "[b]ecause the LMRDA § 501 does not provide a cause of action against labor organizations, dismissal as to AFSCME and District 37 is appropriate pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Commer III*, 145 F.Supp.2d at 339–40. The Court noted that "there is simply nothing in the statute that permits Section 501 claims against a labor organization for alleged violations of individual officers and/or representatives." *Id.* The Second Circuit affirmed the Court's holding in *Commer v. Giuliani*, 34 Fed. Appx. 802, 805, 2002 WL 826462, at *2 (2d Cir. May 1, 2002) ("We also affirm the district court's dismissal of Commer's LMRDA § 501 claim for the reasons cited by the district court.").

To the extent that the complaint in the present case attempts to state a claim against AFSCME for violation of LMRDA § 501, the claim is once again dismissed. The restrictions of the statute are limited to "union officers and representatives." *Commer III*, 145 F.Supp.2d at 339. As we recognized in *Commer III*, "[t]he courts of appeal that have addressed the issue have repeatedly held that an action against a labor organization is not cognizable as a matter of law." *Id.* (*citing Local 1498, American Federation of Government Employees v. American Federation of Government Employees*, 522 F.2d 486, 489 (3d Cir.1975); *Pignotti v. Local 3, Sheet Metal Workers' Association*, 477 F.2d 825, 832 (8th Cir.1973); *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir.1972), *cert. denied*, 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972)).

***Jurisdiction Over the LMRDA § 501 Claim Against the John/Jane Does is Lacking***

■ Apparently as a way of circumventing the Court's dismissal of the LMRDA § 501 claim against AFSCME, Commer includes "John/Jane Does 1–36" as defendants in the present action. Commer requests the Court's permission to "sue on the issue of defendant (J. Does) abuse of union funds." Compl. at ¶ 15. Commer describes the defendants as "persons and entities presently unknown to plaintiff who conspired or acted with defendant to further one or more of the unlawful schemes" referenced in the complaint. *Id.* at § 27. No further allegations are made that relate to LMRDA § 501, nor does Commer state any action he has taken to demand that the union take action legal action against these individuals.

■■ As stated in *Commer III*, it is a "condition precedent to a derivative claim against a union officer under Section 501" that "a putative plaintiff must first make an actual demand upon the union under Section 501(b) to initiate legal action against the officer[s]." *Commer III*, 145 F.Supp.2d at 338–39 (*citing* 29 U.S.C. § 501; *Dinko v. Wall*, 531 F.2d 68, 72 (2d Cir.1976); *Coleman v. Brotherhood of Ry. and S.S. Clerks*, 340 F.2d 206, 208 (2d Cir.1965)). Further, "the demand itself is not sufficient to confer rights upon the putative plaintiff under the statute, as the

union must also refuse to take remedial action or to initiate suit within a reasonable time." *Commer III*, 145 F.Supp.2d at 339 (*citing Adams–Lundy v. Association of Professional Flight Attendants*, 844 F.2d 245, 248 (5th Cir.1988); *Hanahan v. Lucassen*, 764 F.Supp. 194, 196 (D.D.C. 1991)). Because of these requirements, no proceeding under § 501 "shall be brought except upon leave of the court obtained upon verified application and for good cause shown." 29 U.S.C. § 501(b).

Commer has not provided evidence of any demands he has made upon the union to initiate legal action, or of the refusal of union officials to take corrective action. At most, "Commer in his correspondence with [the president of AFSCME] sought an investigation without demanding legal action against particular legal officers." *Commer III*, 145 F.Supp.2d at 339. Further, Commer has not sought leave to initiate an action under this section. Subject matter jurisdiction is therefore lacking under 29 U.S.C. § 501, and dismissal is proper pursuant to Fed.R.Civ.P. 12(b)(1).

### *Commer's LMRA § 301 Claim is Dismissed*

#### A. *LMRA § 301 Claims is Barred by the Doctrine of Collateral Estoppel*

Once again, Commer's complaint "does not specifically allege a violation of LMRA § 301." *Commer III*, 145 F.Supp.2d at 340. Commer does, however, allege that he was denied a "fair trial," Compl. at ¶ 92, a reference to the decision by the AFSCME Judicial Panel finding that Commer had violated the Local 375 Constitution by "improperly using union funds to print and distribute an election-related mailing without the permission of the Local 375 Executive Committee or delegate body." *Commer I*, 121 F.Supp.2d at 391.

 The Court's ruling on Commer's claim under LMRA § 301, 29 U.S.C.

§ 185, in *Commer III* is sufficient under the doctrine of collateral estoppel to dismiss the same claim in the instant case. The doctrine of collateral estoppel bars the relitigation of issues previously litigated where "(1) the issues in both proceedings are identical; (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt International B.V. v. Schreiber*, 327 F.3d 173, 180 n. 2 (2d Cir.2003) (*quoting N.L.R.B. v. Thalbo Corp.*, 171 F.3d 102, 109 (2d Cir.1999)); *see also Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir.2001); *Commer IV*, 2001 WL 1658191, at *5. As in *Commer III*, Commer does not specifically allege a violation of § 301, but the complaint references the statute as well as the Local 375 and AFSCME Constitutions, alleges that Commer was denied a fair trial and requests that Commer be reinstated as president of Local 375. *Commer III*, 145 F.Supp.2d at 340. Commer was afforded an opportunity to litigate the § 301 claim in the action which concluded with the Court's decision in *Commer III*. In that opinion, the Court held that:

> The language of the Local 375 Constitution is clear and unmistakable, and the interpretation of that provision by both the Trial Officer and the full Judicial Panel was both literal and reasonable. Therefore, "there is no genuine issue as to any material fact and [defendants are] entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Accordingly, summary judgment is entered in favor of the defendants with respect to the claim under LMRA § 301.

*Id.* at 341 (brackets in original). The Second Circuit explicitly affirmed the decision

of this Court on the LMRA § 301 claim. *See Commer v. Giuliani,* 34 Fed. Appx. 802, 805, 2002 WL 826462, at *2 (2d Cir., May 1, 2002). The LMRA § 301 claim was actually litigated and decided, and was necessary to support a valid final judgment on the merits. Litigation of Commer's § 301 claim is therefore barred under the doctrine of collateral estoppel.

### B. *Commer Has Not Alleged a Breach of Contract*

■ Even if Commer has alleged a cause of action based on LMRA § 301 that has not previously been decided by this Court, the § 301 claim is still dismissed because Commer has failed to identify the contract which AFSCME is alleged to have breached. Section 301(a), 29 U.S.C. § 185(a), provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter may be brought in any district court of the United States . . .

Section 301 "has been liberally interpreted to extend beyond suits involving an employer and union to include suits by and against individual employees to enforce uniquely personal rights." *Maita v. Killeen,* 465 F.Supp. 471, 473 (E.D.Pa.1979) (*citing Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 563, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Smith v. Evening News Ass'n,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962)).

An employee must nonetheless at a minimum cite the provision of the contract which the defendant is alleged to have breached and explain how defendant breached the contract. *Maita,* 465 F.Supp. at 473. Commer does allege that AFSCME used "a vague provision of the Local's constitution to suspend and fine plaintiff." Compl. at ¶ 4. But Commer does not specify what the provision is, nor do any of his attached exhibits reference the provision. Without further specification, Commer's LMRA § 301 claim fails to state a cause of action. *See Maita,* 465 F.Supp. at 473; *Smith v. Hickey,* 482 F.Supp. 644, 648 (S.D.N.Y.1979) (requiring allegations supporting the conclusion that there was a violation of a contract to support LMRA § 301 jurisdiction).

### *Commer's LMRDA § 101 Claim is Administratively Dismissed*

■ As with the other claims made by Commer, a specific violation of LMRDA § 101 is not alleged, but the statute is referenced in the complaint. Commer alleges throughout the complaint that he was removed as president of Local 375 in retaliation for his whistle-blowing activities. Commer seeks through this action to be reinstated as a full member of AFSCME and to reinstated as president of Local 375.

An effectively identical claim was made by Commer in an action filed on October 18, 2000 (00 Civ. 7913) which also referenced LMRDA § 101.[1] The entire complaint was dismissed in *Commer III.* On appeal, the Second Circuit affirmed the decision with regard to the § 301 and § 501 claims, but vacated the decision with regard to the § 101 claims. *Commer v. Giuliani,* 34 Fed. Appx. 802, 2002 WL 826462 (2d Cir., May 1, 2002). The Second Circuit held that the issue of whether the

---

1. Commer's most recent complaint adds a claim for relief from the most recent form of discipline imposed on Commer—his expulsion from AFSCME membership. But because Commer's expulsion resulted from his refusal to comply with the Judicial Panel decision removing Commer as president of Local 375, *see Commer I,* 121 F.Supp.2d at 391, the Judicial Panel's latest disciplinary action must be viewed as an extension of the Panel's earlier decision. If Commer were to secure his reinstatement as president, it would necessarily entail his reinstatement as a member of AFSCME as well.

judicial panel's intent was pretextual was controverted, and further discovery was required to determine the adequacy of Commer's proof. *See id.; see also Commer VII*, 2003 WL 1878239, at *1. Presently the LMRDA § 101 claim in that action is pending against AFSCME.

▆▆▆ It is in the interest of the Court to avoid "duplicative litigations." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir.1989). To have multiple suits pending between the same parties on the same issues wastes judicial resources and risks inconsistent rulings. *See id.; see also MSK Insurance, Ltd. v. Employers Reinsurance Corp.*, 212 F.Supp.2d 266, 268 n. 5 (S.D.N.Y.2002). To decide venue between two or more lawsuits concerning the same parties and issues pending in two federal districts, the Second Circuit employs the "first-filed" rule, which generally "[a]ffords priority to the first-filed suit when courts choose which suit to permit to go forward." *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1150 (S.D.N.Y.1995); *see also Merle Norman Cosmetics v. Martin*, 705 F.Supp. 296, 298 (E.D.La.1988) ("The first-filed rule . . . is designed to prevent inconsistent rulings between courts of co-ordinate jurisdiction and equal power, wasteful duplicative legislation and piece-meal resolution of disputes that require uniform rules.").

The same considerations that support the use of the first-filed rule to dismiss later-filed cases in different districts also apply here. Discovery is proceeding on Commer's earlier § 101 claim. It would be incongruous if any ruling in earlier actions had no effect on the instant action simply because the complaints were filed at different times. Accordingly, Commer's LMRA § 101 claim in the present action is dismissed.

### Commer's Claim under 29 U.S.C. § 158 Is Preempted

▆▆▆ As part of the extensive list of statutes under which Commer brings the present action, Commer lists 29 U.S.C. § 158, also known as Section 8 of the National Labor Relations Act ("NLRA"). To the extent that Commer intends to make a claim under the NLRA—and a subsequent letter to the Court, dated May 2, 2003, citing 29 U.S.C. § 158 suggests that he does—that claim is dismissed because the Court does not have jurisdiction over actions under § 8 of the NLRA. The NLRA preempts state and federal court jurisdiction of conduct which is arguably prohibited under either § 7 or § 8 of the NLRA. *See Building Trades Employers' Educational Association v. McGowan*, 311 F.3d 501, 508 (2d Cir.2002) (*citing San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959)). Congress has entrusted enforcement of the NLRA to the National Labor Relations Board. *Id.* Accordingly, the Court may not hear Commer's claim under 29 U.S.C. § 158.

### Sanctions

▆▆▆ AFSCME has requested that Commer be sanctioned by requiring Commer to reimburse AFSCME for their legal fees expended in defending the § 501 and § 301 claims. It is true that Commer has already been told by this Court that § 501 does not provide a cause of action against AFSCME and that AFSCME is entitled to judgment as a matter of law on the § 301 claim. *See Commer III*, 145 F.Supp.2d at 339, 341. It is also true that the Second Circuit has affirmed both decisions. *See Commer v. Giuliani*, 34 Fed. Appx. 802, 805, 2002 WL 826462, at *2 (2d Cir., May 1, 2002). Further, the Court has warned Commer about re-raising claims that this Court has already rejected. *See Commer*

*VI*, 2002 WL 31014830, at *3 ("Commer now has twice been told that this Court rejects his arguments pursuant to § 101 and § 464."). Commer has also been warned about using "this litigation to seek relief from this Court regarding unrelated matters." *Commer II*, 2001 WL 274125, at *2.

However, because Commer is a *pro se* plaintiff, the Court declines to impose sanctions for conduct about which Commer has not been explicitly warned.[2] The Court takes this occasion to put Commer on the same notice with respect to the § 501 and § 301 claims as stated earlier for other claims, specifically that Commer's *"pro se* status does not insulate him from the ambit of Fed.R.Civ.P. 11(b)," and that "[a]ny assertion of these claims in an amended complaint based on essentially the same facts would not be 'warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.'" *Commer VI*, 2002 WL 31014830, at *3 (quoting Fed.R.Civ.P. 11(b)(2)). It is well within the Court's discretion under Rule 11 to compel Commer to pay AFSCME's attorney's fees for repeatedly filing claims that the Court has rejected. *See Babigian v. Association of the Bar of the City of New York*, 144 F.R.D. 30, 33 (S.D.N.Y.1992) ("It is well-established that Rule 11 applies to *pro se* litigants.") (*citing Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 287 (2d Cir.1989), *cert. denied*, 494 U.S. 1028, 110 S.Ct. 1474, 108 L.Ed.2d 611 (1990)).

### Conclusion

For the reasons set forth above, defendant AFSCME's motion to dismiss the plaintiff's complaint is granted in its entirety. Defendant AFSCME's motion for sanctions is denied.

It is so ordered.

---

2. While Commer has been warned about bringing another § 101 claim, the Second Circuit's revival of Commer's earlier § 101 claim presents circumstances which mitigate against the imposition of sanctions.