**Roy COMMER, Plaintiff,**

**v.**

**Gerald MCENTEE, John Seferian, The American Federation of State, County and Municipal Employees, District Council 37, AFSCME, Stanley Hill, Martin Lubin, Mark Shaplo, Robert Meyer, Ralph Pepe, Louis Albano, Robert Mariano, Uma Kutwal, Michelle Keller, John Does 1–30, and Rudolph Giuliani, as Mayor of the City of New York, Defendants.**

**No. 00 Civ. 7913(RWS).**

United States District Court,
S.D. New York.

Sept. 24, 2003.

Roy Commer, Staten Island, NY, Plaintiff, pro se.

Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, New York City by Barry I. Levy, Elan R. Kandel, for Defendants Gerald McEntee, John Sefarian, AFSCME International, AFSCME District Council 37, Robert Mariano, Uma Kutwal, Michelle Keller and Ralph Pepe.

## OPINION

SWEET, District Judge.

Defendants Gerald McEntee, John Seferian and Ralph Pepe have moved under Rule 12(b)(5) for dismissal of the complaint against them for failure to effect service upon them. Defendants Uma Kutwal, Michelle Keller and Robert Mariano have moved for dismissal under Rule 12(b)(6) of the LMRDA § 101(a)(2) claim against them for lack of LMRDA jurisdiction over them for conduct occurring after December 13, 1999. Kutwal, Keller and Mariano also move for summary judgment under Rule 56, arguing that the LMRDA § 101(a)(2) claim is barred by the doctrine of res judicata.

For the reasons set forth below, the 12(b)(5) motion as to McEntee, Seferian and Pepe is denied, and the 12(b)(6) motion and the motion for summary judgment is granted as to Kutwal, Keller and Mariano.

### Parties

Commer was a member of Local 375 and previously the president of Local 375.

AFSCME is an international union.

District 37 is the regional governing body of AFSCME and is comprised of several dozen local unions, including Local 375.

McEntee is the president of AFSCME International.

Seferian is the Judicial Chairperson of AFSCME International.

Pepe is the building manager for 125 Barclay Street.

Kutwal is the former president of Local 375 and was at all relevant times previously the first vice-president of Local 375.

Keller is the former Executive Committee Chair of Local 375.

Mariano is the Treasurer of Local 375.

### Prior Proceedings

Commer has filed three related actions in this Court. Most recently, one of those

actions was dismissed, *see Commer v. AFSCME,* 272 F.Supp.2d 332 (S.D.N.Y. 2003), and leave to amend the complaint was denied on another. *See Commer v. AFSCME,* No. 01 Civ. 4260, 2003 WL 21697873 (S.D.N.Y. July 22, 2003). The remaining action is the subject of the present motion.

As set forth in *Commer v. McEntee,* 121 F.Supp.2d 388 (S.D.N.Y.2000) (*"Commer I"*), familiarity with which is presumed, this action was initiated by the filing of a complaint in the Pro Se Clerk's office on October 18, 2000. The complaint alleges, *inter alia,* that the defendants imposed union discipline on Commer by suspending him from running for office for a two-year period in retaliation for speech activity protected under § 101(a)(2) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(2).

In November 2000, Commer sought an injunction to bar the defendants from suspending him as president and denying him the right to hold office or to be nominated for office. That motion was denied in *Commer I.*

In February 2001, Commer again sought an order enjoining the defendants from taking steps to settle an unrelated state court action between DC 37, AFSCME and Local 375. Because the state court action did not pertain to Commer, that motion was denied in *Commer v. McEntee,* No. 00 Civ. 7913, 2001 WL 274125 (S.D.N.Y. March 19, 2001) (*"Commer II"*).

In response to motions by the defendants to dismiss under Rules 12(b)(1), 12(b)(5), 12(b)(6) and 56, the complaint was dismissed in its entirety in *Commer v. McEntee,* 145 F.Supp.2d 333 (S.D.N.Y. 2001) (*"Commer III"*).

On appeal to the Second Circuit, Commer's LMRDA § 101(a)(2) claim was reinstated, and dismissal as to all other claims was affirmed. *See Commer v. Giuliani,* 34 Fed.Appx. 802, 2002 WL 826462 (2d Cir. 2002) (unpublished). (*"Commer IV"*).

On remand, this Court ruled on a discovery dispute in *Commer v. McEntee,* No. 00 Civ. 7913, 2003 WL 1878239 (S.D.N.Y. April 11, 2003) (*"Commer V"*).

Defendants filed the instant motion on June 11, 2003. After submission of briefs and various late submissions, the motion was deemed fully submitted on July 25, 2003.

### Discussion

In addressing the present motion, the Court is mindful that the plaintiff is proceeding *pro se* and that his submissions should be held to "less stringent standards than formal pleadings drafted by lawyers ...*." Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (*quoting Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); *See also Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993). Indeed, district courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (*quoting Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law. *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983) (quotations omitted).

### Commer Has Shown Good Cause for Any Failure to Effect Service

■ Defendants McEntee, Seferian and Pepe contend that Commer did not properly serve them. Each of the three defendants has submitted affidavits stating that they were never served with the summons and the complaint in this action, although they are aware that they have been named as defendants.

Fed.R.Civ.P. 4(m) requires that an action be dismissed "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint," unless the party who failed to effect service can show "good cause" for the failure. *See* Fed.R.Civ.P. 4(m). "In determining whether a plaintiff has shown good cause under Fed.R.Civ.P. 4(m), courts have generally considered whether: (1) the plaintiff made reasonable efforts to serve the defendant, and (2) the defendant was prejudiced by the delay in service." *Bourdeau v. Housing Works, Inc.*, No. 99 Civ. 11915, 2001 WL 943316, at *6 (S.D.N.Y. April 20, 2001) (*quoting Rivera v. Warden of M.C.C. N.Y.*, No. 95 Civ. 3779, 2000 WL 769206, at *4 (S.D.N.Y. June 13, 2000)).

"Because Commer is *pro se*, the complaint is deemed filed when it was received by the Pro Se Clerk's Office," *Commer I*, 121 F.Supp.2d at 390 n. 2, which was on October 18, 2000. Service was therefore required to be made by February 15, 2001.

■ "Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." *Howard v. Klynveld*, 977 F.Supp. 654, 658 (S.D.N.Y.1997) (citations and quotations omitted). Here Commer claims that the defendants were personally served and submits Affidavits of Service of Process from process servers Alex Hernandez, Christopher Rossi and Andre Meisel asserting that they either served defendants personally or executed service of process upon persons authorized to accept service on behalf of the defendants by February 15, 2001.

The affidavits of service submitted by Commer, which were filed with the Court on March 1, 2001, constitute evidence that Commer made reasonable efforts to serve the defendants. Further, the representations by the defendants that they were

aware they had been named as defendants demonstrates that they were not prejudiced by the lack of service. Accordingly, the defendants' motion to dismiss for lack of service is denied.

### The LMRDA § 101(a)(2) Claim Is Dismissed As to Conduct Occurring After December 13, 1999

■ Defendants Kutwal, Keller and Marino move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. When the defendant's challenge is to subject matter jurisdiction, the Court may consider matters outside the complaint. *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir.2002) (*citing United States v. Vazquez*, 145 F.3d 74, 80 (2d Cir.1998)). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that the court has jurisdiction. *Id.* (*citing Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

■ It is well settled that the provisions of the LMRDA do not apply to unions, or members of unions, that consist exclusively of public employees. *See Commer III*, 145 F.Supp.2d at 338; *Commer I*, 121 F.Supp.2d at 394; *see also Brock v. Southern Region, Region III of the Civil Service Employees Ass'n, Inc.*, 808 F.2d 228, 231 n. 3 (2d Cir.1987); *Laboy v. Seabrook*, No. 96 Civ. 2359, 1996 WL 417523, at *3 (S.D.N.Y. July 25, 1996). In the case of a union, such as AFSCME, that is "composed both of government locals and non-government or mixed locals ... the locals which are composed entirely of government employees would not be subject to the [LMRDA] ..." 29 C.F.R. § 451.3(a)(4).

In vacating the grant of summary judgment on the § 101(a)(2) claim, the Second Circuit noted that this Court had based its holding on the "finding that the last pri-

vate employees had disaffiliated from Local 375 as of mid-December 1999." *Commer IV,* 34 Fed.Appx. at 806. But the Second Circuit also noted that Commer had requested documentation evidencing the date of disaffiliation, and that this Court had not ruled on his request. *Id.* On remand from the Second Circuit, this Court held with regard to this request that Commer was entitled to any evidence that had not already been produced. *See Commer V,* 2003 WL 1878239, at *2.

The defendants have submitted with this motion several documents in support of their claim that effective December 13, 1999, the last group of private sector employees represented by Local 375 (from the radio station WNYC) disaffiliated from the local. *See* Levy Decl. Exhs. 1–4. Commer states that he "has and still contests the alleged date as well as that act of alleged disaffiliation," Pl. Opp. Mem. at 7, but has provided no evidence which contradicts the date of disaffiliation shown by the defendants.

Commer further argues that he has raised an issue of fact "as to the unclean hands of the defendant profiting" from the disaffiliation of private sector union members. *Id.* at 11–12. Commer apparently alleges that the defendants deliberately disaffiliated from WNYC in order to prevent its members from asserting their rights under the LMRDA. Even if Commer's allegations were true, they would not affect the legal question of whether DC 37 is covered by the LMRDA. The motivations of the union in disaffiliating from its private sector members is not relevant under the regulations covering LMRDA jurisdiction. *See* 29 C.F.R. § 451.3. Accordingly, the LMRDA § 101(a)(2) claim against defendants Kutwal, Keller and Mariano is dismissed as to conduct occurring after December 13, 1999.

### Summary Judgment is Granted to Defendants Kutwal, Keller and Mariano on the LMRDA § 101(a)(2) Claim

█ The defendants also argue that the LMRDA § 101(a)(2) claim is barred because Commer filed another § 101(a)(2) claim in an earlier litigation which was litigated and adjudicated. Commer responds that the two lawsuits did not cover the same issues.

On November 2, 1998, Commer and other plaintiffs filed a complaint against numerous defendants, including Kutwal, Keller and Mariano. The case was captioned *Commer v. Keller,* No. 98 Civ. 7808(AGS). The complaint alleges claims under LMRDA § 101(a)(2) relating to union charges filed against Commer and his November 1998 suspension of Commer from the presidency of Local 375. A second amended complaint was filed on June 3, 1999.

In March of 2001, Commer and all the defendants in *Commer v. Keller* entered into a stipulated consent order of dismissal with prejudice which provided that,

> Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, the above-captioned action and all claims asserted therein by Plaintiff against Defendant be and hereby are dismissed with prejudice.

The defendants argue that under the doctrine of res judicata the consent order bars Commer's § 101(a)(2) claims against them in the present litigation.

█ "Res judicata bars litigation of any claim for relief that was available in a prior suit between the parties or their privies, whether or not the claim was actually litigated." *Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2d Cir. 1998). In order to establish the defense of res judicata, "a party must show that (1) the previous action involved an adjudica-

tion on the merits; (2) the previous action involved the parties or those in privity with them; (3) the claims in subsequent actions were, or could have been raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir.2001) (*quoting Monahan v. N.Y.C. Dep't. of Corrections*, 214 F.3d 275, 284–85 (2d Cir.2000)).

■ It is well-settled that "a dismissal, with prejudice, arising out of a settlement agreement operates as a final judgment for res judicata purposes." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 287 (2d Cir.2002) (*citing Nemaizer v. Baker*, 793 F.2d 58, 60–61 (2d Cir.1986)); *see also Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir.1995) ("A voluntary dismissal with prejudice is an adjudication on the merits for purposes of res judicata"). It is also "well settled, however, that a prior judgment 'cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case.'" *Id.* (*quoting Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328, 75 S.Ct. 865, 99 L.Ed. 1122 (1955)).

■ In order to determine "[w]hether a claim that was not raised in the previous action could have been raised therein," the court must consider "whether the same transaction or a connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Marvel Characters*, 310 F.3d at 287. In order

> [t]o determine whether two actions arise from the same transaction or claim, [the Court] look[s] to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their

treatment as a unit conforms to the parties' expectations . . .

*Id.* (*quoting Pike*, 266 F.3d at 91).

Defendants argue that the § 101(a)(2) claim in *Commer v. Keller* and in the present litigation both allege that the union charges filed against Commer were baseless and were made in order to punish Commer for exercising free speech critical of DC 37 and past leadership of Local 375.

In reply, Commer has submitted the affidavit of Arthur Z. Schwartz, Esq., who represented Commer in *Commer v. Keller*. Schwartz contends that the previous lawsuit "did not address the merits of the charges brought against" Commer, and because it was filed immediately following Commer's suspension, it "did not address anything that happened after the suspension, including the amendment of the charges, the trial itself, the determination of the hearing officer, or the fine that was levied against Mr. Commer." Schwartz Decl. at ¶ 2.

Defendants counter that the complaint in *Commer v. Keller* did in fact challenge the merits of the union charges, characterizing them as "baseless" and also alleged that the charges were taken "in order to punish the plaintiff" for criticizing DC 37 and the past leadership of Local 375. *See* Second Amended Complaint, *Commer v. Keller*, 98 Civ. 7808, ¶ 7.

Both actions arise out of Commer's suspension and the charges that were filed against him. Commer could and did raise substantially the same § 101(a)(2) claims in *Commer v. Keller* as in the present litigation. Contrary to Commer's assertion, the previous action addressed the merits of the charges against Commer. The § 101(a)(2) claims with respect to those charges and to Commer's suspension are therefore barred by res judicata.

**1000**

The defendants' post-suspension conduct presents a closer call. Clearly Commer could not have alleged conduct that took place in the weeks and months following his suspension in November 1998, because the complaint in *Commer v. Keller* was filed immediately following that suspension.

There is, nevertheless, a very close connection between the initial charges filed and the subsequent conduct that occurred as a result of those charges. It would be anomalous for a consent order which covered the charges themselves not to also preclude further action on the immediate consequences of those charges. Another factor that is "dispositive to a finding of preclusive effect is whether an independent judgment in a separate proceeding would impair or destroy rights or interests established in the first action." *Marvel Characters*, 310 F.3d at 287 (*quoting Sure–Snap Corp. v. State Street Bank & Trust Co.*, 948 F.2d 869, 874 (2d Cir.1991)). Here, Commer was paid a sum of money "in full and complete settlement of the Asserted Claims" he made against, *inter alia*, Kutwal, Keller and Mariano. Levy Decl. Exh. 7 at 2. If Commer were then able to reassert claims based on a distinction between the charges made against him and the consequences of those charges, it would effectively "impair or destroy rights or interests" that were established by that settlement. Accordingly, the § 101(a)(2) claim against individual defendants Kutwal, Keller and Mariano are barred by the doctrine of res judicata.

**Conclusion**

For the foregoing reasons, the motion to dismiss the complaint as to individual defendants McEntee, Seferian and Pepe is denied, the motion to dismiss the § 101(a)(2) claim against Kutwal, Keller and Mariano is dismissed as to conduct occurring after December 13, 1999, and summary judgment is granted to Kutwal, Keller and Mariano as to claims relating to (a) Commer's November 1998 suspension from the presidency of Local 375, and (b) internal union charges filed by the Local 375 Executive Board, as well as claims relating to the consequences of those charges.

It is so ordered.