Roy COMMER, Plaintiff–Appellant,

v.

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, DISTRICT COUNSEL 37 and Municipal Employees John/Jane Does 1–36, Defendants–Appellees.

No. 03–7965.

United States Court of Appeals, Second Circuit.

Argued: Nov. 15, 2004.

Decided: Nov. 30, 2004.

Roy Commer, pro se, Staten Island, New York, for Plaintiff–Appellant.

Barry I. Levy, Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, LLP (Elan R. Kandel, of counsel), New York, New York, for Defendants–Appellees.

Before: FEINBERG, LEVAL, and STRAUB, Circuit Judges.

PER CURIAM.

Plaintiff–Appellant Roy Commer appeals from the July 25, 2003 judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*) granting Defendant–Appellee American Federation of State, County, and Municipal Employees's ("AFSCME") motion to dismiss Commer's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Commer filed this action on October 4, 2002, alleging claims relating to his removal as president of Local 375 and his expulsion from AFSCME membership. In particular, Commer's complaint asserts that AFSCME violated Sections 101(a)(2) and 501 of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 411(a)(2) and 501; Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185; and Section 8 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158.

The District Court dismissed Commer's LMRDA Section 501 claim as to AFSCME on the ground that labor organizations are not subject to LMRDA Section 501 claims, and as to the John/Jane Does because there were no allegations that Commer made a demand on the union to take legal action against these individuals. *See Commer v. Am. Fed'n of State, County and Mun. Employees,* 272 F.Supp.2d 332, 335–37 (S.D.N.Y.2003). The court dismissed Commer's LMRA Section 301 claim on collateral estoppel grounds, and alternatively on the ground that Commer failed to identify the contract which AFSCME was alleged to have breached. *See id.* at 337–38. The court held that it lacked jurisdiction over Commer's claim brought pursuant to Section 8 of the NLRA, 29 U.S.C. § 158. *See id.* at 339. Finally, the court "administratively dismissed" Commer's claim brought under Section 101(a)(2) of the LMRDA on the ground that Commer asserted an "effectively identical" claim against AFSCME in a complaint filed on October 18, 2000, and that claim was still pending. *See id.* at 338–39

On appeal, Commer argues that the District Court erred in dismissing his complaint. We affirm the dismissal of Commer's claim under Section 501 of the LMRDA for the reasons stated by the District Court. A LMRDA Section 501 claim cannot be brought against labor organizations. *See Head v. Bhd. of Ry., Airline and S.S. Clerks,* 512 F.2d 398, 398 n. 1 (2d Cir.1975) ("[I]t is clear that § 501 does not provide for an action against a labor organization ...."). To the extent Commer asserts LMRDA Section 501 claims against individual union members, those claims fail because Commer did not

make an adequate demand on the union to initiate legal action against the individuals. *See Dinko v. Wall,* 531 F.2d 68, 71–73 (2d Cir.1976). We also affirm the dismissal of Commer's claims under Section 301 of the LMRA and Section 8 of the NLRA for the reasons stated by the District Court.

With respect to Commer's claim under Section 101(a)(2) of the LMRDA, we note that the claim asserted in this action relates to both Commer's removal as president of Local 375 *and* his expulsion from AFSCME membership, whereas the Section 101(a)(2) claim alleged in the complaint filed in October 18, 2000 related only to Commer's removal as president. *See Commer,* 272 F.Supp.2d at 338 n. 1.

In a letter filed in this Court on November 15, 2004, after oral argument in this case, counsel for AFSCME stated that "Appellee would not raise a procedural objection to Mr. Commer seeking to amend his complaint to assert a[ ] LMRDA § 101(a)(2) claim related to his loss of membership in *Commer v. McEntee,* 00 Civ. 7913(RWS) which is presently pending before Judge Sweet." Given this agreement by the AFSCME, we affirm the District Court's dismissal of Commer's Section 101(a)(2) claim. If Commer wishes, he may move to amend his complaint in *Commer v. McEntee,* No. 00–7913 (S.D.N.Y. filed Oct. 18, 2000) to add a claim under Section 101(a)(2) of the LMRDA against AFSCME based on his removal from the AFSCME membership, and he will not face a procedural objection by AFSCME.

Finally, as the District Court stated, "Commer has filed numerous actions in this Court and in others pertaining to his removal as president of Local 375." *Commer,* 272 F.Supp.2d at 334 (collecting cases). The AFSCME requested that the District Court sanction Commer by requiring him to reimburse AFSCME for the legal fees expended in defending Commer's claims brought under Section 501 of the LMRDA and Section 301 of the LMRA. The District Court declined to sanction Commer, a *pro se* plaintiff, "for conduct about which Commer has not been explicitly warned." *Id.* at 340. However, the court took the occasion to explicitly warn Commer that he would be subject to sanctions under Federal Rule of Civil Procedure 11 if he asserted LMRDA Section 501 or LMRA Section 301 claims "in an amended complaint based on essentially the same facts," *id.,* as such claims would not "be warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law,' " *id.* (quoting Fed.R.Civ.P. 11(b)(2)).

■ Therefore, although Commer can move to amend his complaint in *Commer v. McEntee,* No. 00–7913 (S.D.N.Y. filed Oct. 18, 2000), to add a claim under Section 101(a)(2) of the LMRDA protesting his expulsion from AFSCME membership, and will not face a procedural challenge by the AFSCME, he should be aware that he risks sanctions should he further pursue claims under Section 501 of the LMRDA or Section 301 of the LMRA based on the same set of facts as the claims asserted in this lawsuit.

We note that in addition to filing numerous actions in the District Court, Commer has filed a number of appeals in this Court relating to his removal as president of Local 375. Commer should be aware that he can be sanctioned for filing frivolous appeals in this Court. *See* Fed. R.App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.").

We have considered all of Commer's remaining claims on appeal and find them to be without merit. Accordingly, we affirm the judgment of the District Court dismissing Commer's complaint.