■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD L. TILLMAN, Appellant.—Judgment unanimously affirmed. Memorandum: The record fully supports the hearing court's conclusion that based upon the victim's observations at the time of the commission of the crime, there was an independent source sufficient to allow the victim to make an in-court identification of the defendant. Although defendant questions the reliability of this identification based upon the brevity of the confrontation, the witness testified that he saw the defendant full face in a well-lit stairway and he was able to give the police a detailed physical description *(see, Neil v Biggers,* 409 US 188, 199).

We find no merit to defendant's *Sandoval* claim. The mere fact that the crimes to be inquired about are similar to the crimes charged in the indictment will not automatically foreclose cross-examination if it appears that such proof is otherwise admissible *(People v Pavao,* 59 NY2d 282, 292). Moreover, since possession of stolen property is a crime of individual

dishonesty and untrustworthiness, it is relevant to defendant's veracity as a witness *(see, People v Edwards,* 80 AD2d 993, 994).* Therefore, the court neither failed to exercise nor abused its discretion in ruling as it did *(People v Pavao, supra).*

We find no merit to defendant's claim that his sentence was excessive. (Appeal from judgment of Cayuga County Court, Corning, J.—burglary, second degree.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.