**RAD DATA COMMUNICATIONS, INC., Plaintiff,**

v.

**PATTON ELECTRONICS CO., Defendant.**

No. 95 Civ. 0018(CBM).

United States District Court, S.D. New York.

April 20, 1995.

---

352

Leonard S. Sorgi, Amster, Rothstein &
Ebenstein, New York City, for plaintiff.

Jon Paul Robbins, McLaughlin & Stern,
Alkalay Handler Robbins and Herman, New
York City, for defendant.

## OPINION

MOTLEY, District Judge.

### DEFENDANT'S MOTION TO DISMISS

Defendant seeks dismissal of this patent
infringement action under Rule 12(b)(1) ar-
guing that this Court lacks subject matter
jurisdiction.

Plaintiff is in the business of marketing
modems which interconnect remote data ter-
minal equipment, such as computers, print-
ers, and video terminals. Defendant also
manufactures and sells self-powered mo-
dems. At issue are two patents, the U.S.
Patent Nos. 4,534,039 and 4,677,646. Plain-
tiff alleges that defendant's modems, infringe
upon these two patents. The use of these
patents have been in dispute since January
10, 1992 when plaintiff's predecessors-in-in-
terest, Sedco, informed defendant of the al-
leged infringement. Defendant then contest-
ed the validity of the patents but their validi-
ty was upheld. In September 1994, plaintiff
began negotiations with Develcon and Sedco
to purchase the patents at issue. At the time
Sedco held legal title to the patents. By
early November 1994, the parties had agreed
upon the sale of the patents to plaintiff. The
transfer was supposed to work as follows:
Sedco would assign the patents to Develcon
and then Develcon would assign them to
plaintiff in exchange for a substantial amount
of money. Upon execution of the deal, mat-
ters turned out differently. Develcon and
plaintiff executed their part of the assign-
ment on November 7, 1994 while the Sed-
co/Develcon assignment was not executed by
Sedco until two days later on November 9,
1994. Defendant has moved for dismissal
arguing that plaintiff did not have legal title
to the patents. According to defendant, the
assignment by Develcon to plaintiff on No-
vember 7, 1994 was ineffective because Dev-
elcon did not obtain legal title to the patents
until November 9, 1994. Therefore, plaintiff
did not have legal title as of January 3, 1995
when suit was brought. Consequently, de-
fendant argues that plaintiff does not have
standing to bring this suit and this Court
does not have subject matter jurisdiction.

### I. Standard for Rule 12(b)(1) motion

The court may dismiss a facially suffi-
cient complaint for lack of subject-matter
jurisdiction if the court finds, based on affida-
vits or other evidence outside the complaint,
that the asserted basis for federal jurisdic-
tion is not sufficient. *Antares Aircraft v.
Federal Republic of Nigeria,* 948 F.2d 90, 96
(2d Cir.1991), *vacated on other grounds,* —
U.S. —, 112 S.Ct. 3020, 120 L.Ed.2d 892
*aff'd on reh'g,* 999 F.2d 33 (1993); *Kamen v.
American Tel. & Tel. Co.,* 791 F.2d 1006,
1011 (2d Cir.1986); *Ensign–Bickford Co. v.
ICI Explosives USA Inc.,* 817 F.Supp. 1018,
1024 (D.Conn.1993). It should be noted that
a Rule 12(b)(1) motion will not be converted
into a motion for summary judgment.

## II. Application

This Court has original jurisdiction over "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). The statute provides that only "[a] patentee shall have a remedy by civil action for infringement of his patent." 35 U.S.C. § 281. To bring suit for patent infringement, plaintiff must have legal title to the patent in suit. For it is well established "that one seeking to recover money damages for infringement of a United States patent (an action 'at law') must have held the legal title to the patent during the time of infringement." *Arachnid, Inc. v. Merit Industries, Inc.*, 939 F.2d 1574, 1578–79 (Fed.Cir.1991), *citing, Crown Die & Tool Co. v. Nye Tool & Machine Works*, 261 U.S. 24, 40–41, 43 S.Ct. 254, 258, 67 L.Ed. 516 (1923).

This court finds and concludes that plaintiff does not have standing to invoke subject matter jurisdiction under 28 U.S.C. § 1338(a) because plaintiff did not have valid legal title to the patents during the time of infringement. It is obvious from the official records of the U.S. Patent and Trademark Office that plaintiff did not have valid legal title to the patents. These records show that on the date of the purported assignment of the Develcon patents by Develcon to plaintiff, Develcon had nothing to assign. Develcon had already assigned its interest in the Develcon patents to Sedco. Since Develcon had nothing to assign, the purported assignment from Develcon to plaintiff of the Develcon patents is a nullity. *FilmTec Corp. v. Allied–Signal, Inc.*, 939 F.2d 1568, 1572 (Fed. Cir.1991).

In reply, plaintiff argues that the intent of plaintiff, Develcon, and Sedco was to transfer legal title to these patents to plaintiff. Plaintiff argues that the transfer was in actuality effected on November 21, 1994 after Develcon had legal title to the patents (Exhibit A to the Declaration of Michael J. Berger). However, this seems a rather strained argument because the November 7, 1994 agreement uses express and unconditional terms. Defendant argues that there is nothing in the language in the agreement which would make any assignment under the agreement or in the accompanying assignments conditioned on a subsequent event, or effective on any other date beside the date on which Develcon executed the agreement and assignments. Moreover, 35 U.S.C. § 261 makes the effective date of an assignment the date that it was signed by the purported patent owner. In this case Develcon was the purported patent owner and it signed the agreement on November 7, 1994 not any day later than November 9, 1994. Accordingly, plaintiff did not have valid legal title to the Develcon patents, Develcon did. Plaintiff, therefore, cannot invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

## CONCLUSION

Therefore, plaintiff's complaint is dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction without prejudice.

## ORDER

Pursuant to the accompanying opinion, plaintiff's complaint is dismissed without prejudice.

So ordered.