Roy COMMER, Plaintiff,

v.

Gerald MCENTEE, John Seferian, the American Federation of State, County and Municipal Employees, District Council 37, AFSCME, Stanley Hill, Martin Lubin, Mark Shaplo, Robert Meyer, Ralph Pepe, Louis Albano, Robert Mariano, Uma Kutwal, Michelle Keller, John Does 1–30, and Rudolph Giuliani, as Mayor of the City of New York, Defendants.

No. 00 CIV 7913 RWS.

United States District Court, S.D. New York.

May 22, 2001.

Roy Commer, Staten Island, NY, Plaintiff Pro Se.

Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox by Barry I. Levy, Gina M. Fonseca, New York City, for Defendants Gerald McEntee, John Sefarian, AFSCME International, AFSCME District Council 37, Robert Mariano, Uma Kutwal, Michelle Keller and Ralph Pepe.

Stillman & Friedman by John B. Harris, New York City, for Defendant Stanley Hill.

Michael D. Hess, Corporation Counsel of the City of New York by Stephen Kitzinger, Assistant Corporation Counsel, New York City, for Defendant Rudolph Giuliani.

## OPINION

SWEET, District Judge.

The defendants Gerald McEntee ("McEntee"), John Seferian ("Seferian"), American Federation of State, County and Municipal Employees International ("AFSCME"), AFSCME District Council 37 ("District 37"), Robert Mariano ("Mariano"), Uma Kutwal ("Kutwal"), Michelle Keller ("Keller") and Ralph Pepe ("Pepe"), have moved pursuant to Rules 12(b)(1), 12(b)(6) and 56, Fed.R.Civ.P., to dismiss the complaint of *pro se* plaintiff Roy Commer ("Commer") or grant summary judgment. Defendants Louis Albano ("Albano"), Robert F. Meyer ("Meyer") and

Stanley Hill ("Hill") seek to join in the motion and defendant Rudolph Giuliani ("Giuliani"), has moved for dismissal on other grounds. For the reasons set forth below, the motion is granted as to all defendants.[1]

Commer has frequently resorted to the courts in his battle to unhorse the union leadership of his local union (Local 375 of District 37 of AFSCME ("Local 375")) and to cure abuses which he has perceived to exist. *See, e.g. Commer v. District Council 37,* 990 F.Supp. 311 (S.D.N.Y.1998) (challenging amendments to union constitution and seeking certification of his election); *Commer v. Keller, et al.,* 64 F.Supp.2d 266 (claiming that he was suspended in violation of his rights to freedom of speech and association, as guaranteed by federal labor law and union constitution); *Commer v. The City of New York, et al.,* 1999 WL 673046 (S.D.N.Y.) (alleging that Defendants breached the union constitution when they failed to seek ratification of an agreement between the union and the City of New York by the union membership, and that the ratification of a subsequent agreement by the union membership was improper). While certain abuses appear to have been established (*see* Juan Gonzalez, *No Rush to Reform Union,* Daily News, Jul. 18, 2000, at 17; Maureen Fan, *Ousted Union Big Seeks Fund Probe,* Daily News, Nov. 5, 1998, at 20; Steven Greenhouse, *Union Made Little Effort to Police Itself,* N.Y. Times, Oct. 18, 1998, at B7; Dave Saltonstall and Paul Schwartzman, *Aside for Probe,* Daily News, Nov. 29, 1998, at 7), Commer has failed in this instance to meet the requirements of a successful action under § 101(a)(2) and § 501 of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C.

§§ 411(a)(2) and 501, as well as § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

### The Parties

Commer is a member of Local 375 and previously the president of Local 375.

District 37 is the regional governing body of AFSCME and is comprised of several dozen local unions, including Local 375.

AFSCME is an international union.

McEntee is president of AFSCME.

Seferian is chairperson of the AFSCME Judicial Panel.

Kutwal is currently acting president of Local 375 and was at all relevant times previously the first vice-president of Local 375.

Keller is executive committee chair of Local 375.

Mariano is treasurer of Local 375.

Albano is a former president of Local 375.

Hill is the former executive director of District 37.

Meyers is the former treasurer of District 37.

Giuliani is the Mayor of the City of New York.

### Prior Proceedings

As previously set forth in this Court's opinion denying Commer's motion for injunctive relief, *Commer v. McEntee, et al.,* 121 F.Supp.2d 388, 390 (S.D.N.Y.2000) ("*Commer I* "), familiarity with which is presumed, this action was initiated by the filing of a complaint in the *Pro Se* Clerk's

---

1. There are additional named defendants who have not joined in this motion. Dismissal applies equally to all such defendants as described in this opinion. The Court needs not address the specific ground for dismissal raised by Giuliani, applicable only to himself, since the complaint is dismissed on the grounds outlined in this opinion.

office on October 18, 2000. The complaint alleges that the defendants imposed union discipline on Commer, by suspending him from union office and banning him from running for new office for a two-year period, in retaliation for speech activity protected under § 101(a)(2) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(2). Jurisdiction is alleged pursuant to LMRDA § 102, 29 U.S.C. § 412.

The complaint may also be construed to challenge the defendants' interpretation of the Local 375 constitution under § 301 of the LMRA, 29 U.S.C. § 185. It is also alleged that certain of the defendants violated Section 501(6) of the LMRDA, 29 U.S.C. § 501(6), by failing to hold money and property of Local 375 for the benefit of its members.

The complaint followed certain disciplinary proceedings commenced in 1998 by Kutwal against Commer who was then serving as president of Local 375, having defeated an 18–year incumbent. Those proceedings culminated in the removal of Commer as president and the direction that he make certain payments to compensate Local 375 for unauthorized expenditures. These proceedings were ongoing in April 2000.

In November 2000, Commer sought an injunction to bar the defendants from suspending him as president and denying him the right to hold office or to be nominated for office. That motion was denied in *Commer I.*

The defendants then made the instant motion to dismiss Commer's complaint which was marked fully submitted on March 21, 2001.

### Findings of Fact

The November opinion, *Commer I,* found facts with respect to the disciplinary proceedings which remain unchanged by the submissions on this motion and are not controverted.

By letter of December 3, 1999, Commer as president of Local 375 requested McEntee to conduct an investigation into seven matters which had been called to the attention of the administrator of District 37 who had been appointed by McEntee. These included vote fraud, improprieties in connection with the Professional Employees Legal Services ("PELS") fund, which was a group legal service plan, abuses relating to release time and expenses, ratification of certain agreements, and censorship of Local 375 newsletters. McEntee replied by letter of December 23, 1999, in effect denying the charges described by Commer and concluded by stating that "the fact that you are not satisfied with the outcome of those procedures does not mean that the outcome was incorrect or that further investigation on the part of the International Union is either warranted or required." No specifics of these allegations are found in Commer's complaint beyond the charge of a breach of fiduciary duty.

Prior to December 13, 1999, Local 375 represented employees in both the public and private sectors. On that date the group of WNYC employees disaffiliated from Local 375 which thereafter represented only public sector employees.

### Conclusions of Law

### Dismissal and Summary Judgment is Appropriate

Because the claims are disposed of on different grounds, the applicable standards are outlined first.

#### A. Motion to Dismiss

In reviewing a motion to dismiss under Rule 12(b)(6), a court must "accept as true the factual allegations of the complaint, and draw all inferences in favor of the

pleader." *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993) (*citing IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1052 (2d Cir.1993)). A pro se complaint is given liberal construction, (*Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)), although pro se plaintiffs must still set forth allegations sufficient to state a claim. *See Doyle v. Columbia–Presbyterian Medical Center,* No. 97 Civ. 5487(HB), 1998 WL 430551 (S.D.N.Y. July 29, 1998). Dismissal is warranted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted). *See also Bass v. Jackson,* 790 F.2d 260, 262 (2d Cir.1986). "A complaint consisting merely of conclusory allegations unsupported by factual assertions cannot meet" the standard of Rule 12(b)(6). *Mina Investment Holdings, Ltd. v. Lefkowitz,* 51 F.Supp.2d 486, 489 (S.D.N.Y.1999) (*citing DeJesus v. Sears, Roebuck & Co., Inc.,* 87 F.3d 65, 70 (2d Cir.1996)).

**B.  *Motion to Dismiss for Lack of Subject Matter Jurisdiction***

When considering defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), all material factual allegations in the complaint must be accepted as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir.1992); *Rubin v. Tourneau, Inc.,* 797 F.Supp. 247, 248 (S.D.N.Y.1992). The court must examine the substance of the allegations and any other evidence before it in resolving the jurisdictional dispute. *Cargill Intern., S.A. v. M/T PAVEL DYBENKO,* 991 F.2d 1012, 1019 (2d Cir.1993); *Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011

(2d Cir.1986); *RAD Data Communications, Inc. v. Patton Electronics Co.,* 882 F.Supp. 351, 352 (S.D.N.Y.) (citations omitted), dismissed on other grounds, 64 F.3d 675 (Fed.Cir.1995). However, the Court will not draw inferences favorable to the party asserting jurisdiction. *See Norton v. Larney,* 266 U.S. 511, 515, 45 S.Ct. 145, 69 L.Ed. 413 (1925); *Atlantic Mutual,* 968 F.2d at 198.

**C.  *Motion for Summary Judgment***

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment may be granted when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Second Circuit has repeatedly noted that "as a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady v. Town of Colchester,* 863 F.2d 205, 210 (2d Cir.1988) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 330 n. 2, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (Brennan, J., dissenting)); *see Tomka v. Seiler Corp.,* 66 F.3d 1295, 1304 (2d Cir.1995); *Burrell v. City Univ.,* 894 F.Supp. 750, 757 (S.D.N.Y.1995). If, when viewing the evidence produced in the light most favorable to the non-movant, there is no genuine issue of material fact, then the entry of summary judgment is appropriate. *See Burrell,* 894 F.Supp. at 758 (*citing Binder v. Long Island Lighting Co.,* 933 F.2d 187, 191 (2d Cir.1991)).

Materiality is defined by the governing substantive law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or un-

necessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[T]he mere existence of factual issues—where those issues are not material to the claims before the court—will not suffice to defeat a motion for summary judgment." *Quarles v. General Motors Corp.*, 758 F.2d 839, 840 (2d Cir.1985).

For a dispute to be genuine, there must be more than "metaphysical doubt." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

### Jurisdiction as to the Officers of Local 375 is Lacking

■ The conclusion reached in *Commer I* as to the officers remains unchanged. It was there held the LMRDA does not apply to unions or members of unions consisting exclusively of public sector employees. *See Brock v. Southern Region, Region III of the Civil Service Employees Association, Inc.*, 808 F.2d 228, 231 n. 3 (2d Cir. 1987); *Laboy v. Seabrook*, No. 96 Civ. 2359, 1996 WL 417523, at *3 (S.D.N.Y. July 25, 1996). This rule applies to union locals comprised only of public sector employees even where the "intermediate or international bodies with which they affiliate may be [subject to the LMRDA]." 29 C.F.R. § 451.3(a)(4).

As of December 13, 1999, Local 375 has consisted only of public sector employees. The subject of Commer's complaint was conduct that occurred in January and February of 2000. Thus, the conduct which Commer alleges as the basis of his § 101(a)(2) claim, 29 U.S.C. § 411(a)(2), against the individual defendants of Local 375 occurred at a time when they were not subject to the jurisdiction under the LMRDA.

Since the LMRDA does not reach public sector unions or members, the LMRDA claims as to the officers of Local 375 must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

### Jurisdiction Over the LMRDA § 501 Claim is Lacking

■ Section 501(a) of the LMRDA, 29 U.S.C. § 501, states the duty of union officers "to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws." Section 501(b), 29 U.S.C. § 501(b), provides for suits by members whenever the union's officers refuse to take any corrective action. Such suits, however, can be brought only "upon leave of court obtained upon verified application for good cause shown."

■ Because Section 501(b) extends the jurisdiction of the federal courts, it is strictly construed. *Coleman v. Brotherhood of Ry. and S. S. Clerks*, 340 F.2d 206, 208 (2d Cir.1965) ("We hold that this provision of the statute is mandatory"); *Persico v. Daley*, 239 F.Supp. 629, 631 (S.D.N.Y. 1965) ("Bearing in mind the recent admonition of the Court of Appeals that the statute was not 'intended by Congress to constitute an invitation to the courts to intervene at will in the internal affairs of unions' (internal citation omitted) the court believes that a strict and literal interpretation of Section 501(b) is called for."); *see also Phillips v. Osborne*, 403 F.2d 826, 829 (9th Cir.1968).

■ As a condition precedent to a derivative claim against a union officer under Section 501, a putative plaintiff must first make an actual demand upon the union under Section 501(b), to initiate legal action against the officer. *See* 29 U.S.C.

§ 501; *Coleman, supra,* 340 F.2d at 208; *see also Dinko v. Wall,* 531 F.2d 68, 72 (2d Cir.1976). The demand itself is not sufficient to confer rights upon the putative plaintiff under the statute, as the union must also refuse to take remedial action or to initiate suit within a reasonable period of time after the demand has been made. *Id.; see also Adams–Lundy v. Association of Professional Flight Attendants,* 844 F.2d 245, 248 (5th Cir.1988) ("the board must refuse to take action within a reasonable time after being requested to do so."); *Hanahan v. Lucassen,* 764 F.Supp. 194, 196 (D.D.C.1991) ("Section 501(b) specifically requires that union members present a demand to sue and be refused before leave to bring a derivative suit may be granted").

At the most, Commer in his correspondence with McEntee sought an investigation without demanding legal action against particular officers. In addition, no leave has been sought to initiate an action under this section. Thus, subject matter jurisdiction is lacking under Section 501 of the LMRDA, 29 U.S.C. § 501, and dismissal is proper pursuant to Rule 12(b)(1).

### AFSCME and District 37 Are Not Proper Parties to an LMRDA § 501 Claim

█ By its terms, the restrictions which are imposed by Section 501 are limited to union officers and representatives. For example, LMRDA § 501(a) requires that "officers, agents, shop stewards, and other representatives" of the labor organization "hold its money and property solely for the benefit of the organization," and further, "to refrain from dealing with such organization as an adverse party or in behalf of any adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization." 29 U.S.C. § 501(a).

Similarly, the enabling provision of Section 501, *i.e.* LMRDA § 501(b), 29 U.S.C. § 501(b), permits a request to the district court for suit on behalf of the labor organization only when an "officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared" in Section 501(a). There is simply nothing in the statute that permits Section 501 claims against a labor organization for alleged violations of individual officers and/or representatives.

The courts of appeal that have addressed this issue have repeatedly held that an action against a labor organization under Section 501(b) is not cognizable as a matter of law. *Sabolsky v. Budzanoski,* 457 F.2d 1245, 1249 (3d Cir.), *cert. denied,* 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972); *reaffirmed Local 1498, American Federation of Government Employees v. American Federation of Government Employees,* 552 F.2d 486, 489 (3d Cir.1975) ("We also recognize that plaintiffs sought to serve the complaint upon the national union as defendant. We have previously held that an action under 28 U.S.C. § 501(b) is not maintainable against the parent union."). *See also Head v. Brotherhood of Railway, Airline & Steamship Clerks (Brac),* 512 F.2d 398, 398 n. 1 (2d Cir.1975) ("Although the district court did not reach the issue, it is clear that § 501 does not provide for an action against a labor organization"); *Pignotti v. Local 3, Sheet Metal Workers' Association,* 477 F.2d 825, 832 (8th Cir.1973) ("Initially all parties agree that neither the International Association nor Local No. 3 have violated Section 501 as that section imposes liability only on the individual union officials.").

Because the LMRDA § 501 does not provide a cause of action against labor organizations, dismissal as to AFSCME and District 37 is appropriate pursuant to

Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### The § 101(a)(2) Claim is Dismissed

■ Nothing has been adduced on the hearing of the instant motion to alter the conclusions reached in the prior opinion denying Commer's motion for a preliminary injunction. There is no jurisdiction over officers of Local 375 which now consists of public sector employees and, accepting as true the factual allegations of the complaint, and drawing all inferences in favor of Commer (*Mills, supra,* 12 F.3d 1170, 1174 (2d Cir.1993)), no free speech claim has been presented under LMRDA § 101(a)(2), 29 U.S.C. § 411(a)(2). A union member who alleges that he has been retaliated against on the basis of protected speech must show that his conduct constituted "free speech" within the meaning of the LMRDA and that the speech was a cause for the union's action against him. *See Hussein v. Hotel Employees & Restaurant Union, Local 6,* 108 F.Supp.2d 360, 366 (S.D.N.Y.2000) (*citing Black v. Ryder/P.I.E. Nationwide, Inc.,* 970 F.2d 1461, 1469 (6th Cir.1992)). Commer has not alleged sufficient facts that his "speech" was protected under the LMRDA or that the "speech" was the cause of the union's action against him. *See Commer I* at 396–397 for a full discussion.

It appears "beyond a doubt" that Commer cannot prove a set of facts which will entitle him to relief under LMRDA § 101(a)(2), 29 U.S.C. § 411(a)(2). Thus, dismissal is appropriate pursuant to Rule 12(b)(6). *See Conley, supra,* 355 U.S. 41, 45–46 49, 78 S.Ct. 99 U.S.C. § 411(a)(2).

### Summary Judgment is Entered in Favor of the Defendants With Respect to Any Claim Under LMRA § 301

■ While Commer does not specifically allege a violation of LMRA § 301, 29 U.S.C. § 185, based upon the Local 375 or International Constitutions, the complaint references the statute, and further, suggests that Commer should be reinstated as president of Local 375 because of an improper interpretation of the Local 375 Constitution.

■ To the extent that Commer challenges the Judicial Panel's interpretation of the Local 375 Constitution in connection with the internal hearings, Commer has presented no evidence that the Judicial Panel's interpretation was arbitrary. It is well settled that a union's interpretation of its constitution and bylaws is entitled to special weight and a court must defer to the union's interpretation of its governing documents unless that interpretation is unreasonable. *Sim v. New York Mailers' Union Number 6,* 166 F.3d 465, 470 (2d Cir.1999); *see also Spellacy v. Airline Pilots Ass'n–Int'l.,* 156 F.3d 120, 127 (2d Cir.1998).

Here, this Court previously addressed Commer's challenge to the Judicial Panel's interpretation of the Local 375 Constitution in the context of his proposed LMRDA § 101(a)(2) claim:

> However, the fact that Commer had certain rights to engage in election-related speech does not mean that he had the right to authorize mailings in the name of Local 375 without approval and at the cost of the local.

> Under the language of Article XIX, Section 3, Commer did not have the authority to distribute literature in the name of the local without authorization by an appropriate body. That body, pursuant to the Local 375 Constitution and the decision in JPC 98–111, was either the local's Executive Committee or the delegate body.

Commer concedes that he did not seek or obtain authorization of an appropriate body as required by Article XIX, Section 3, but avers that it was illogical to re-

quire him to obtain such approval since the members of those bodies were among those persons whose alleged misdeeds he has been exposing and criticizing since his election in 1998. Commer raised this same defense to the Judicial Panel.

The fact that the panel rejected that defense, which is insupportable under the language of the Local 375 Constitution, is not evidence that the panel's decision was politically motivated.[2]

*Commer I, supra,* 121 F.Supp.2d at 398.

With respect to Commer's LMRA § 301 claim, 29 U.S.C. § 185, the ultimate conclusion is identical. The language of the Local 375 Constitution is clear and unmistakable, and the interpretation of that provision by both the Trial Officer and the full Judicial Panel was both literal and reasonable. Therefore, "there is no genuine issue as to any material fact and [defendants are] entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Accordingly, summary judgment is entered in favor of the defendants with respect to the claim under LMRA § 301.

### Conclusion

Because Commer has failed to allege or establish facts sufficient to support jurisdiction and his claims, the defendants' motion to dismiss is granted and the complaint dismissed with prejudice and without costs.

It is so ordered.

---

2. In connection with the preliminary injunction application, Commer claimed that the Judicial Panel ignored Article XIV, Section 6 of the Local 375 Constitution, and that the cited provision authorized him to issue the mailings, without approval of the Executive Board. This Court rejected that argument outright: "Commer's interpretation of this provision as authorizing him as local president to send out the mailing is dubious at best." *Commer I, supra,* 121 F.Supp.2d at 398.